**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |  |
|---|---|---|
| ZACKERY T. VILE<br>84 Tanglewood Drive<br>Langhorne, PA 19047, | : <br> : <br> : <br> : | **CIVIL ACTION**<br><br>**No.** |
| Plaintiff, | : <br> : | |
| -v.- | : <br> : | |
| COUNCIL ROCK SCHOOL DISTRICT<br>30 North Chancellor Street<br>Newtown, PA 18940, | : <br> : <br> : <br> : | **JURY TRIAL DEMANDED** |
| Defendant. | : <br> : | |

## COMPLAINT

Plaintiff Zackery T. Vile, by and through undersigned counsel, hereby brings this action against defendant Council Rock School District, and avers as follows:

## PARTIES

1.      Plaintiff Zackery T. Vile ("Vile"), is an adult individual residing at 84 Tanglewood Drive, Langhorne, PA 19047.

2.      Defendant Council Rock School District ("District") is a Pennsylvania local government agency with its offices located at 30 North Chancellor Street, Newtown, PA 18940.

3.      At all times relevant hereto, the District has been responsible for the operation of public schools serving the Bucks County municipalities of Newtown Borough, Newtown Township, Northampton Township, Upper Makefield Township, and Wrightstown Township.

4.     On June 19, 2025, Vile dual filed a Charge of Discrimination against the District with the U.S. Equal Employment Opportunity Agency and the Pennsylvania Human Relations Commission.

5.     On June 23, 2026, Vile received his Notice of Right to Sue Letter.

## JURISDICTION AND VENUE

6.     Jurisdiction exists in this matter pursuant to 28 U.S.C. §§1331 (Federal Question Jurisdiction) and 1367 (Supplemental Jurisdiction).

7.     Venue lies within this Judicial District pursuant to 28 U.S.C. § 1391(b), the alleged unlawful employment practices having been committed herein.

## FACTUAL BACKGROUND

8.     Vile is an educator who has been employed by the District since July 1, 2018. Most recently, Vile has held the position of a full-time Teacher. Prior to his current position, Vile was an Assistant Principal.

9.     Vile has Retinitis Pigmentosa, a progressive degenerative eye disease that substantially impairs his vision.

10.     Notwithstanding Vile's physical impairment, he is able to perform the essential functions of his employment with reasonable accommodations.

11.     In or around March 2025, Vile notified the District of his disability.

12.     At that time, in coordination with his treating vision specialist's recommendations, Vile requested reasonable accommodations to assist him in performing the essential functions of his teaching position in the upcoming 2025-26 academic year.

13.     After disclosing his diagnosis, the District unilaterally revoked Vile's appointment to a summer administrative position that had been approved in December 2024.

2

14.    Vile did not consent to the unilateral revocation of his summer administrative position appointment, and he promptly contacted the District's HR Director, Ronnie Spring, to inquire why the District took this adverse action against him.

15.    In response to Vile's inquiry, Mr. Spring stated that Vile's disability precluded him from the summer administrative position.

16.    Mr. Sping's statement was baseless and improper because at no time had Vile informed the District that his disability precluded him from performing the essential duties of the summer administrative position, or from otherwise fulfilling his full-time teaching duties with reasonable accommodations.

17.    In the spring of 2025, Vile made multiple attempts to engage in an interactive process with the District to discuss the accommodation that he was requesting from the District, including sending numerous emails to Mr. Spring in March and April 2025.

18.    Nevertheless, the District failed to engage in meaningful dialogue and rejected several requested reasonable accommodations.

19.    At that time, the District's only offered accommodation was to provide Vile with a classroom aide, however, that accommodation alone is insufficient.

20.    Dissatisfied with the District's rejection of requested accommodations, and refusal to engage in good faith in an interactive dialogue regarding his requests for accommodation, Vile engaged legal counsel to assist him in requesting accommodations and to attempt to engage the District in a prompt interactive dialogue.

21.    Nevertheless, and despite legal counsel's demand, the District continued to take weeks to respond substantively to Vile's requests for accommodation, both with respect to the summer administrative position that had been revoked and Vile's full-time teaching position that

3

was scheduled to resume in the fall of 2025.

22.    Because of the District's refusal to grant requested accommodations and to participate meaningfully and promptly in the interactive process required by law, Vile filed a Charge of Discrimination with the EEOC and the Pennsylvania Human Relations Commission.

23.    Subsequent to filing the Charge, the District reversed its decision to revoke the summer administrative position and permitted Vile to work in that capacity.

24.    However, with respect to Vile's full time teaching position, the District continues to discriminate against Vile on the basis of his disability by denying his requested accommodations and failing to participate in good faith in a meaningful interactive dialogue.

25.    Vile returned to his full-time teaching position at the beginning of the 2025-26 academic year.

26.    Despite promising to provide Vile with an Aide, the District failed to do so for the first two weeks of the school year. In fact, the District did not even post the Aide position as being available until after the fall semester had begun. The Aide that was eventually assigned was inexperienced, received no training in how to assist Vile, and did not have the skills needed to support Vile. Thus, the accommodation provided by the District was ineffective.

27.    The District refused to provide Vile with a "Patriot Pro 13" device, an OCR assistive technology device that would allow Vile to see his students' printed work without prolonged visual strain. The Patriot Pro 13 device was explicitly requested by Vile's treating vision specialist to reduce the position's visual demands and to allow Vile to perform required reading and material review without damaging strain on his eyes.

28.    The District refused to accommodate Vile's request for rest periods between teaching blocks. Vile's treating vision specialists clearly communicated to the District that Vile

needs scheduled rest breaks to allow his eyes to recover in order to prevent headaches, nausea, and further vision degeneration.

29.    Notwithstanding his request for accommodation, the District continues to assign Vile to multiple consecutive classes without sufficient breaks.

30.    The District has failed to accommodate Vile's request to provide adequate lighting in the hallway outside of his classroom.

31.    This dimly lit hallway makes it difficult for Vile to assist and supervise students, as well as for him to safely travel to and from the classroom.

32.    As a result of the District's refusal to provide the requested accommodations, Vile has been impaired in his ability to effectively perform his teaching duties.

33.    While attempting to work without these requested accommodations, Vile suffers migraine headaches, nausea, and eye strain on a daily basis, sometimes to a degree that is debilitating and prevents him from working, or causes him to have to spend substantially extra time to complete his duties.

34.    As a further result of working without the requested accommodation, Vile's degenerative condition has been exacerbated, and his vision has been adversely affected.

35.    Vile continues to soldier on, but the District's conduct has made it difficult to do so.

## COUNT I
## DISCRIMINATION IN VIOLATION OF THE ADA
### (Failure to Accommodate)

36.    Vile incorporates herein the previous averments as if fully set forth.

37.    Vile is a qualified person with a disability as those terms are defined in the Americans with Disabilities Act of 1990, as amended, 42 U.S. Code §12101, *et seq*. ("ADA").

38.     The ADA prohibits discrimination on the basis of a disability, including the failure to accommodate disabilities when doing so would not create an undue hardship for the employer.

39.     The District was notified of Vile's disability and, at all relevant times, has been aware of and has regarded Vile as disabled.

40.     The District failed to engage in good faith in an interactive process to help determine effective accommodations, including failing to respond promptly to requests by Vile, and failing to ask questions and/or gather information relating to the limitations and capabilities of Vile.

41.     The District failed and refused to provide reasonable accommodations to Vile that would have allowed Vile to perform his essential job functions without causing Vile the pain, emotional distress and exacerbation of his medical condition described hereinabove.

42.     The requested accommodations the District refused would not have caused undue hardship to the District.

43.     Instead, the District offered accommodations that were ineffective and incomplete, making it unduly difficult for Vile to perform his job and causing him physical and emotional harm, while exacerbating his condition.

44.     The District's conduct constitutes unlawful discrimination in violation of the ADA.

45.     As a result of the District's conduct, Vile has suffered and will continue to suffer monetary damages, including lost wages and benefits.

46.     As a result of the District's conduct, Vile has been and will be required to expend monies for expenses, including medical treatment.

6

47.     As a result of the District's conduct, Vile has suffered pain, emotional distress, embarrassment, humiliation and damage to his reputation and earning capacity.

48.     As a result of the District's conduct, Vile's medical condition has been exacerbated.

WHEREFORE, plaintiff Zackery T. Vile demands judgment in his favor and against defendant Council Rock School District, for injunctive relief requiring defendant to implement reasonable accommodations for plaintiff, together with an award of backpay, front pay, lost benefits and emoluments of employment, compensatory damages, attorneys' fees, and costs of suit.

**COUNT II**
**DISCRIMINATION IN VIOLATION OF THE PHRA**

49.      Vile incorporates herein the previous averments as if fully set forth.

50.     Defendant's conduct as aforesaid constitutes a violation of the Pennsylvania Human Relations Act, 43 P.S. §955 *et seq*.

51.     As a result of the District's conduct, Vile has suffered and will continue to suffer monetary damages, including lost wages and benefits.

52.     As a result of the District's conduct, Vile has been and will be required to expend monies for expenses, including medical treatment.

53.     As a result of the District's conduct, Vile has suffered pain, emotional distress, embarrassment, humiliation and damage to his reputation and earning capacity.

54.     As a result of the District's conduct, Vile's medical condition has been exacerbated.

7

WHEREFORE, plaintiff Zackery T. Vile demands judgment in his favor and against defendant Council Rock School District, for injunctive relief requiring defendant to implement reasonable accommodations for plaintiff, together with an award of backpay, front pay, lost benefits and emoluments of employment, compensatory damages, attorneys' fees, and costs of suit.

Date: June 30, 2026

*/s/ Stanley B. Cheiken*
STANLEY B. CHEIKEN, ESQUIRE
19 W. College Avenue, Suite 350
Yardley, PA 19067
(215) 572-8600
sbc@cheikenlawfirm.com
*Attorney for Plaintiff*

**FREUNDLICH & LITTMAN, LLC**

By: */s/ Nathaniel N. Peckham, Esq.*
Nathaniel N. Peckham, Esq.
1425 Walnut Street, Suite 200
Philadelphia, PA 19102
(215) 545-8500
nathaniel@fandllaw.com
*Attorney for Plaintiff*